The opinion of the court was delivered by
Spencer, J.
Plaintiff, who was a member of the firm of Hosmer & •Co. of Washington City, sues as owner and transferee of the rights of said firm in and to a certain claim for $5000 against the defendant, which arose as follows: He alleges that said firm were “ the agents and mandataries of the defendant,” under a mandate, to. prosecute before ■Congress and the departments at Washington a claim, for restitution of what was known as “ the arsenal property,” in Shreveport; that they procured the release of said property about March, 1873, and were by *1277 written contract with defendant to receive therefor $5000 as compensation. ...
The defendant answered not- by general denial, but specially “ admitting his signature to the note” and averring “ that plaintiffs did not render the services for which the note was given', as the United States government surrendered its claim to the property which plaintiff was employed to recover, without action on plaintiff’s part, and that the consideration has failed.” This special defense waived the general issue — ■ admitted the employment as alleged — the terms of that employment— its purposes, etc. See Burbank vs. Haas, 9 An. 528; 11 An. 103; 19 An. 461. But, outside of this implied admission, the evidence fully sustains plaintiff’s allegations. The power of attorney under which plaintiffs acted, of date fifteenth May, 1872, constituted them his true and lawful attorneys in his name, place, and stead, to prosecute before the departments or Congress, the claim in question, “ with full power of substitution and revocation, etc.”
The defendant abandons all defense on the merits, and pleads the prescription of three years against plaintiff’s claim, under article 3538 C. C., whereby “ actions of attorneys for fees are prescribed by three years.” This is the sole defense made before the court. It was sustained by the judge a quo, and plaintiff appeals.
First — It is manifest, as well by the implied admission of defendant as by the proofs in the record, and especially by the contract of mandate referred to, that Hosmer & Co. were employed as agents and mandataries, and not as attorneys-at-law. That their mandate was not in connection with matters before the courts, but before the departments and Congress.
Second — The very article of the Civil‘Code under which defendant invokes the prescription of three years says : “ This prescription only ceases from the time there has been an account acknowledged, a note or bond given, or an action commenced.” Even if plaintiffs had been employed in their capacity as attorneys-at-law (which they were not), defendant took their claim out of the three-years prescription by the following bond or written obligation :
“ Whereas, I have made application to have restored to the heirs of the late Benjamin F. Logan, deceased, late of Shreveport, State of Louisiana, a tract of land situate in said city of Shreveport, through Messrs. Hosmer & Co., attorneys-at-law, of Washirgton City, D. C., and have empowered them to prosecute the claim of said heirs before the War Department or Congress. Now, for and in consideration of services rendered and to be rendered in the premises, I hereby agree to pay my said attorneys the sum of five thousand dollars ($5000) when the land shall have been restored to said heirs, which said sum shall include all *1278 amounts to be paid for said services, and in case of failure to recover said land for said heirs I am to pay nothing ; the. words now in possession of the United States erased before signing.
“ B. P. Logan.
“ Witnesses:
“ Monteobd Jones.
“ A. H. Leonard.”
This is an absolute promise to pay a specific sum of money upon the happening of a certain event — and is barred only by ten years under C. C. art. 8544. The cases in 12 R. 28 and 3 An. 458 are inapplicable Fere where there is a written agreement fixing absolutely the amount to be paid, and the condition upon which the payment is to be made.
Defendant dismissed his call in warranty, and we are not called upon to pass upon it.
The plea of prescription was improperly sustained. The evidence fully sustains plaintiffs demand. Indeed, it is not contested.'
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and it is now ordered and decreed that plaintiff, Chas. D. Gilmore, do have and recover of the defendant, B. P. Logan, the sum of' five thousand ($5000) dollars with five per cent interest thereon from fourth March, 1873, and all costs of both courts.